UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 11-20167-CR-JORDAN

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| MANUEL LABRADA | ) |
| _____ | ) |

**ORDER DENYING MOTION TO SUPPRESS**

Following oral argument and de novo review of the record, Mr. Labrada's objections [D.E. 92] are overruled, Magistrate Judge O'Sullivan's report and recommendation [D.E. 83] is adopted, and Mr. Labrada's motion to suppress [D.E. 48] is denied. I address Mr. Labrada's objections as necessary below.

1. Mr. Labrada first argues that there no reasonable suspicion for the investigatory stop. I disagree. I recognize that a "person's mere proximity to others independently suspected of criminal activity does not, without more, give rise to probable cause," *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979), but here the issue is reasonable suspicion, not probable cause. Given the information the officers had concerning the use of counterfeit credit cards to fill up the same blue semi-truck at the same location days earlier and the recognition of one of the men (Mr. Lopez) from the prior surveillance video, the officers had reasonable suspicion to conduct an investigatory stop of both Mr. Lopez and Mr. Labrada concerning their possible joint involvement in credit card fraud. *See, e.g., United States v. Gonzalez*, 70 F.3d 1236, 1238 (11th Cir. 1995); *United States v. Sink*, 586 F.2d 1041, 1047 (5th Cir. 1978).

2. Mr. Labrada's second contention is that the search of the wallet was unconstitutional. Again, I disagree. To the extent that Mr. Labrada is arguing that he could not and did not provide consent for the search of the wallet because he did not speak English, I reject that argument and agree with Magistrate Judge O'Sullivan's findings that Mr. Labrada spoke English, communicated with the officers, and provided non-verbal consent (which was knowing and voluntary) for the search of the wallet. *See United States v. Chrispin*, 181 Fed. Appx. 935, 939 (11th Cir. 2008). Finally, I concur with Magistrate Judge O'Sullivan that the search of the billfold section of the wallet did not exceed the scope of consent because Mr. Labrada's identification and concealed weapons permit are

similar to the shape and size of credit cards. And once the officer was able to look at the credit cards in the possession of both Mr. Lopez and Mr. Labrada, he had probable cause to arrest Mr. Labrada.

3. Finally, Mr. Labrada, citing to *United States v. Mitchell*, 565 F.3d 1347, 1350-52 (11th Cir. 2009) (seizure and detention of computer hard drive for three weeks before warrant was sought, without any compelling justification, was unconstitutional), asserts that the laptop computers should be suppressed because there was an unconstitutional delay in obtaining a warrant. Having reviewed the record, I do not believe that Mr. Labrada is entitled to any relief on this point. First, Mr. Labrada, through counsel, expressly disclaimed any challenge to the seizure of the laptops based upon any delay in obtaining a search warrant at the hearing before Magistrate Judge O'Sullivan [D.E. 77 at 32]. Thus, the claim is not properly presented here for the first time. Second, even on the merits the claim fails. The 28-day delay here was due in large part to Mr. Labrada's counsel not getting back to the government on whether Mr. Labrada would consent to a search of the laptops, and therefore was not unconstitutional.

DONE and ORDERED in chambers in Miami, Florida, this 23rd day of December, 2011.

_____
Adalberto Jordan
United States District Judge

Copy to:    Chief Judge Moreno, Magistrate Judge O'Sullivan, and all counsel of record.